ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
ANDREW MAINARDI (NYBN 5431697)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 788-3509
   Facsimile: (510) 637-3724
   E-mail: andrew.mainardi@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re*: Matter of Marisa Gabriela Lopez, Ref. No. 826/2023<br><br>LETTER OF REQUEST FROM THE FEDERAL CIVIL AND COMMERCIAL COURT NO. 1 IN BUENOS AIRES, ARGINTINA IN MARISA GABRIELA LOPEZ v. FACEBOOK ARGENTINA SRL | MISC. NO.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION OF UNITED STATES OF AMERICA FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

## INTRODUCTION

In the above-captioned referenced civil action pending before the Federal Civil and Commercial Court No. 1 in Buenos Aires, Argentina, the Argentine Court has requested assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") in the taking of evidence from Facebook ("Meta"). Lacking jurisdiction to obtain testimony directly from Meta on United States soil, the Argentine court has requested international judicial assistance to provide it with information from Meta relevant to that civil matter. The present application requests that this Court appoint Assistant United States Attorney Andrew Mainardi ("AUSA Mainardi") as Commissioner to subpoena certain evidence from Meta to transmit to the Argentine court.

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782
1

1  Meta and the United States Attorney's Office have conferred about the substance of the request and
2  about the procedure to provide the Argentine court with the information it seeks. Meta does not object
3  to the appointment or to the entry of the accompanying Proposed Order but reserves all rights and
4  objections in responding to the underlying subpoena.

5  **I.    FACTUAL BACKGROUND**

6      **A.    Information Sought By The Argentine Court.**

7  This application pertains to a Request for Assistance sought in connection with a civil matter
8  brought by plaintiff Marisa Gabriela Lopez currently pending before the Federal Civil and Commercial
9  Court No. 1 in Buenos Aires, Argentina. The Argentine Court seeks evidence in the form of information
10 and documents, specifically:

> "a) IP address, email address reported and associated with profile https://www.facebook.com/lopezyzicarellifraude, name and surname of its creator, date of account creation; b) IP addresses from where the posts and publications were made in the profile and if they match the IP addresss from which they were created; and c) a report on the reason why all reports made by Mrs. Marisa Gabriela Lopez (ID no. DNI 16.973.436) have been rejected according to what arises from the service conditions of the networking site itself."

17 *See* Declaration of Andrew Mainardi dated June 4, 2024 ("Mainardi Decl.") ¶ 4 & Ex. A. This
18 information is sought by the Argentine Court for use in the above-referenced lawsuit. *Id.*
19 The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division,
20 Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to
21 the Hague Convention. Mainardi Decl. ¶ 3. The request was then transmitted to the U.S. Attorney's
22 Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.*

23     **B.    Meet And Confer With Meta.**

24 The undersigned Assistant U.S. Attorney has met and conferred via electronic mail and
25 videoconference with legal counsel for Meta regarding the Argentine Court's request. Mainardi Decl.
26 ¶ 5. Meta's counsel explained Meta's concerns regarding the request and indicated that Meta would
27 only agree to provide the requested information (1) pursuant to a valid subpoena; (2) as permitted by all
28

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782
2

applicable laws, including but not limited to the federal Stored Communications Act ("SCA"), 18 USC § 2701 *et seq.*; (3) after providing notice to the affected user(s); and (4) after any objections by Meta or from affected user(s) are asserted and fully adjudicated in favor of production, provided that the district court appoints Assistant United States Attorney Andrew S. Mainardi as Commissioner to issue a United States federal court subpoena for the information.  *Id.*

## II.     ARGUMENT

The United States District Courts are empowered by 28 U.S.C. Section 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals.  In this case, an Argentine Court requests the U.S. Department of Justice to obtain information from Meta in Menlo Park, California, which is located within the jurisdiction of this Court.  As set forth in the accompanying Declaration and Proposed Order, the United States and Meta have negotiated a mutually acceptable procedure to handle the request in this particular case.

### A.     This Court Should Appoint A Commissioner To Subpoena Information From Meta On Behalf Of The Argentine Court.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); s*ee also Societe Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 529 (1987) (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro*

*Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988).  District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007).

       **1.**       **This Application Satisfies The Statutory Requirements Of Section 1782.**

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in Section 1782 are met.  Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person."  *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress's general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Each of these threshold statutory requirements is easily met here.  First, Meta "resides or is found in" the Northern District of California because Meta is headquartered in Menlo Park, California, located within this District. Second, the Letter of Request was issued in connection with a civil proceeding pending in a foreign tribunal.  *See* Mainardi Decl. ¶ 3 & Ex. A at 4.  Third, the Letter of Request reflects that it was made by a foreign tribunal." *Id*. Ex. A at 2.  Accordingly, the request comes well within those circumstances contemplated by Congress in expanding the federal courts' authority to act in such matters.  *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).

### 2. Discretionary Considerations Weigh In Favor Of Granting The United States' Application.

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Section 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Each of the discretionary factors weigh in favor of assisting the South Argentine Court.

Meta is not subject to the Argentine Court's jurisdiction because it is headquartered in Menlo Park, California; thus, the first factor weighs in favor of granting the motion. Second, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 527 (E.D. Va. 2010) ("*In re Svitavy*"). Third, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent that country's discovery rules or to thwart policies of either the United States or Argentina. *See In re*

*Svitavy*, 748 F. Supp. 2d at 529.  Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.  Finally, Meta and the United States have agreed that, subject to user notice and assertion and adjudication of any objections by Meta or the affected user(s), Meta is willing to provide the requested information and that it does not oppose this application. Mainardi Decl. ¶¶ 5, 7.  Therefore, this request is not unduly intrusive or burdensome.

In summary, the statutory requirements are met, and consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.  Therefore, the United States asks this Court to honor this request for assistance.

**B.    Meta And The United States Have Agreed That, Subject to User Notice and Adjudication of Any Objections, Meta May Send Responsive Information to AUSA Mainardi.**

Attached to the Declaration of Andrew Mainardi is the proposed subpoena that this office intends to serve (in substantially similar format) on Meta should the Court grant the Application pursuant to 28 U.S.C. § 1782.  Mainardi Decl. ¶ 6 & Ex. B.  Meta has agreed that, (1) pursuant to a valid subpoena; (2) as permitted by all applicable laws, including but not limited to the federal Stored Communications Act ("SCA"), 18 USC § 2701 *et seq.*; (3) after providing notice to the affected user(s); and (4) after any objections by Meta or from affected user(s) are asserted and fully adjudicated in favor of production, Meta will release the requested information in this particular case to AUSA Mainardi in accordance with the terms and conditions set forth in the accompanying proposed order. *Id.* ¶ 5.  Meta has stated that it does not oppose the entry of the accompanying proposed order, although Meta reserves and has not waived any rights or objections.  *Id.* ¶ 7.

The reception of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner.  *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1220 (9th Cir. 1976).  However, the United States has met and conferred with Meta and provided Meta this application and supporting papers, and Meta does not object to the relief requested therein.  Mainardi Decl. ¶¶ 5, 7.  As described in the proposed order, Meta will provide notice of the subpoena to the relevant user(s) and afford them the opportunity to file an

objection or motion to quash in this action.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court to issue an Order, in the form attached to the Application, appointing AUSA Mainardi. Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

DATED:  June 4, 2024                                      Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 _/s/ Andrew Mainardi_
BY: ANDREW MAINARDI
Assistant United States Attorney

MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

7