UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC.,<br><br>Defendant. | Case No. 24-mc-80137-LB<br><br>**ORDER REGARDING APPLICATION TO SERVE REQUEST FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

The United States of America applied ex parte under 28 U.S.C. § 1782 to obtain discovery from Meta for use in a civil case in Argentina. Meta does not oppose the application but reserves its right to object when it responds to the subpoena. (Appl. – ECF No. 1 at 1.) Because the undersigned lacks jurisdiction to decide Section 1782 applications without the consent of all parties, this order sets forth a procedure to position the matter for decision.

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). An ex parte application is an acceptable method for seeking discovery pursuant to Section 1782. *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (subpoenaed parties may raise objections and exercise their due-process rights by moving to quash the subpoenas). That said, "a magistrate judge may not issue binding rulings on case-dispositive matters without the parties'

ORDER – No. 24-mc-80137-LB

consent." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). And Section 1782 applications are case-dispositive matters. *Id.* at 807–08. Without the consent of all parties, the undersigned lacks jurisdiction to enter an order resolving the application. Accordingly, the following procedure is ordered to properly position the matter for decision.

First, as the United States sets forth in its proposed order, it will serve Meta with (1) this order and (2) the application and all associated documents (including the subpoena).

Second, within twenty-one days after it is served by the United States, Meta will provide a copy of the subpoena to the account owner and advise them that it will provide responsive information to the subpoena unless the account holder files, within twenty-one days of receipt of the subpoena, an objection or a motion to quash.

Third, within thirty days from its receipt of the subpoena, Meta must move to quash the subpoena if it asserts objections that require adjudication or, if no objection from the account holder is made, then Meta will provide the requested information and a notarized verification under penalty of perjury to the United States via secure email or file share to andrew.mainardi@usdoj.gov.

Fourth, if Meta files a response to the application, then the court will issue a letter advising that all parties must, within seven days of the letter, file a consent or declination to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Fifth, if all parties consent within that time period, the undersigned will enter an order resolving the application. Otherwise, the matter will be randomly reassigned to a district judge.

**IT IS SO ORDERED.**

Dated: June 8, 2024

LAUREL BEELER
United States Magistrate Judge